USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __12/17/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RVRG HOLDINGS LLC,

                Plaintiff,

v.

STARIT GROUP LIMITED,

                Defendant.

Civil Action No. 24-cv-7530 (ALC)

---

## PROTECTIVE AGREEMENT AND ORDER

WHEREAS, by this action (the "Action"), Plaintiff seeks damages and other relief as against Defendant Starit Group Limited ("Defendant"); and

WHEREAS, on October 10, 2024 the Court granted Plaintiff's *ex parte* motion for a temporary restraining order and entered an order of that date, which was amended by Order dated October 15, 2024 and amended again by Order dated October 23, 2024; and

WHEREAS, on October 11, 2024 Plaintiff served a Temporary Restraining Order (TRO) dated October 10, 2024 (the "TRO") on non-party Citibank, N.A. ("Citi" or "CBNA") to produce documents and information relating to Defendant's financial assets; and

WHEREAS, in response to the TRO, Citi is expected to produce documents relating to an account at Citi of a customer of Citi, and potentially other confidential documents; and

WHEREAS, documents relating to the Citi Account contain confidential information; and

WHEREAS, compliance with the TRO will take place in New York;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and Citi, by and through their respective undersigned counsel, as follows:

I.      This Protective Agreement and Order applies to "Confidential Information," as defined below, produced or otherwise disclosed by Citi to Plaintiff in response to the TRO and to any future subpoena that may be served on Citi in connection with the Action.

2.      The term "Confidential Information" as used in this Protective Agreement and Order means any record, spreadsheet, or other document produced by Citi, in response to the TRO or any future subpoena that may be served on Citi, that the bank, after reviewing such record, spreadsheet or other document, reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws. "Confidential Information" as used in this Protective Agreement and Order shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by Citi. Citi may designate any such record, spreadsheet, or other document for protection under the terms of this Protective Agreement and Order by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3.      If Plaintiff contends that materials designated by Citi should not be deemed Confidential Information under this Protective Agreement and Order, it shall so notify Citi within 14 days from the receipt of such designation. Upon receipt of such notification, Plaintiff and Citi shall meet and confer within seven days to attempt to resolve the dispute by

agreement. If Plaintiff and Citi are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Plaintiff, Defendant and any person or entity that has signed the agreement annexed as Exhibit A, or otherwise agreed to be bound by the terms of this Protective Agreement and Order, shall not use or disclose Confidential Information for any purpose other than for use in the Action.

5. Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action, but only on the condition that Plaintiff shall first request that the Court permit such Confidential Information to be filed under seal unless Citi expressly waives that requirement in writing.

6. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons, who may make use of such information only in connection with the Action:

    a. Counsel who represent parties in the Action, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Protective Agreement and Order, but only after such counsel have agreed to be bound by this Protective Agreement and Order;

    b. Experts or consultants assisting counsel for those parties in the Action, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

    c. Potential, anticipated and actual witnesses, and their counsel, in the Action, but only after such witnesses have signed the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order, as set forth in Section 7 below;

      d.  The Court in the Action; and

      e.  Court reporters employed in connection with the Action.

7.      Before counsel may show or disclose Confidential Information pursuant to Section 6 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Protective Agreement and Order and must sign the agreement, annexed as Exhibit A, to be bound by this Protective Agreement and Order. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 6 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action.

8.      The inadvertent disclosure by Citi of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and Citi shall have the right to have the document or information returned to them. Nor shall this Protective Agreement and Order be construed as requiring Citi, or any of its branches or subsidiaries, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of Citi's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

9.      The obligations under this Protective Agreement and Order shall survive the termination of the Action and shall continue to bind Plaintiff, Citi and all parties to whom Confidential Information is disclosed and who are bound by this Protective Agreement and Order.

10.      This Protective Agreement and Order shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving

effect to its conflict-of-law principles. Any amotion or proceeding related in any way to this Protective Agreement and Order shall be brought in the Action.

11. Upon execution by the parties' respective counsel, and before being so-ordered by the Court, this Protective Agreement and Order shall be binding upon the parties and shall be deemed to have the same effect as a court order.

12. The parties may sign this Protective Agreement and Order digitally, and email copies of signatures shall have the same force and effect as original signatures.

13. Citi's entry into this Protective Agreement and Order shall not be deemed a waiver of any of its objections or defenses to compliance with the TRO, the Amended TROs, or any subpoena that may later be served on Citi in connection with the Action.

EPSTEIN DRANGEL LLP

By: *Jason M. Drangel*

    Jason M. Drangel
60 East 42nd Street
New York, New York 10165
(212) 292-5390
jdrangel@ipcounselors.com
*Attorneys for Plaintiff*

*Céalagh P. Fitzpatrick*

    Céalagh P. Fitzpatrick
388 Greenwich Street, 17th Floor
New York, New York 10013
(212) 816-8817
cealagh.fitzpatrick@citi.com
*Attorney for Non-party Citibank*

SO ORDERED:

*Andrew L. Carter Jr.*
HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

December 17, 2024
New York, NY

<u>EXHIBIT A</u>

<u>AGREEMENT TO BE BOUND BY PROTECTIVE ORDER</u>

I have been informed that on or about December _____, 2024, the United States District Court for the Southern District of New York entered a Protective Agreement and Order (the "Protective Order") in the litigation entitled *RVRG Holdings LLC v. Starit Group Limited, Case,* Civil Action No. 24-cv-7530 (ALC) (S.D.N.Y.). I have read the Protective Agreement and Order and agree to abide by its obligations as they apply to me. I will hold in confidence, and not disclose to anyone not qualified under the Protective Agreement and Order, any Confidential Information, as defined in the Protective Order, or any words, summaries, abstracts or indices of the Confidential Information disclosed to me. I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the Protective Agreement and Order, including my receipt or review of information that has been designated as "Confidential Information." I acknowledge that my duties under the Protective Agreement and Order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the Protective Agreement and Order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____