UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVRG HOLDINGS LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>STARIT GROUP LIMITED,<br><br>　　　　　　　　Defendant. | 24-cv-7530 (ALC)<br><br>**<u>ORDER</u>** |

In follow-up from this afternoon's telephonic conference, the Court advises the Parties of the following deadlines:

- April 9, 2025:  Plaintiff's Amended Complaint due;
- April 23, 2025:  Defendant's Rule 60 motion and motion to consolidate due;
- May 14, 2025:  Plaintiff's oppositions to motions due;
- May 21, 2025:  Defendant's replies, if any.

**SO ORDERED.**

**Dated:  April 2, 2025**
**New York, NY**

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**ANDREW L. CARTER, JR.**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**

1

**Rule 60 Motion**

Let's start with Defendant's motion to dissolve or modify the preliminary injunction. Plaintiff helpfully proposed a briefing schedule in their response, but I didn't see any responses to the merits of a Rule 60 motion in the letter request.

The basis of Defendant's Rule 60 motion is that Defendant is a passive facilitator and they argue that their conduct does not fall within the parameters of the "use in commerce" element for infringement under the Lanham Act. Does Plaintiff have any response to this?

Defendant also states that there is no longer any ongoing harm because Defendant removed all listings for Plaintiff's products from its website. Let me ask Defendant--besides this, are there any new facts that make the preliminary injunction highly inequitable? Anything from Plaintiff on this?

**Motions to Consolidate**

OK, thank you. It also seems that much of the briefing on the dissolution of the Rule 60 motion will hinge on outcomes in other cases in this district brought by Plaintiff and that contain purportedly similar facts. Let's turn to Defendant's contemplated motion to consolidate. It seems to me that all of the cases referenced by Defendant involve the same Plaintiff and Plaintiff's counsel, but they are all in different stages of litigation—including one currently on appeal—and the facts are undoubtedly different as the defendants in those cases are all different.

I would be inclined to deny such a motion, but let me hear more from Defendant on this. Anything from Plaintiff?

**Amended Complaint**

OK, thank you. In the February 28 joint status letter, Plaintiff noted that it anticipated filing an amended complaint (ECF No. 47). Does Plaintiff still plan to file an amended complaint?

If so, when do you anticipate seeking leave to file and to what extent will the amended complaint differ from the initial complaint? Do you intend to name any additional defendants?

**Rule 26(f) Conference**

With respect to case management, my inclination is to refer this case today for general pretrial proceedings and settlement discussions with Magistrate Judge Aaron Stewart. The Parties can discuss case management with him concurrent with their anticipated motion practice in this case. Anything from Plaintiff on this? Defendant?

**Briefing**

OK, with respect to the briefing, does Defendant still intend to file a Rule 60 motion and a motion to consolidate? Defendant stated it was ready to file a Rule 60 motion in short order—are Defendants able to file their motion(s) by Wednesday, April 16?

The proposed briefing schedule for the Rule 60 motion states Plaintiff would file an opposition to the Rule 60 motion 3 weeks later. Can Plaintiff file their opposition to the motion(s) on May 7?

And can Defendant file any reply/ies on May 14?

Anything else from the Parties? We're adjourned.